UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENIERE K. EVANS,

                          Plaintiff,

            -against-

CITY OF NEW YORK, DETECTIVE LEGGIO;
BRC LEX SAFE HAVEN,

                          Defendants.

21-CV-8659 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. §1983, alleging false

arrest and related claims. By order dated October 22, 2021, the Court granted Plaintiff's request

to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that summonses and the complaint be served within

90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that

summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.

Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides

the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York, Detective Leggio, and BRC Lex Safe Haven through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York, Detective Leggio, and BRC Lex Safe Haven and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 24, 2021
      New York, New York

                                           MARY KAY VYSKOCIL
                                    United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.    City of New York
      100 Church Street
      New York, N.Y. 10007

2.    Detective Leggio
      One Police Plaza
      New York, NY 10007

3.    BRC Lex Safe Haven
      566 West 182 Street
      New York, N.Y. 10033