```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENIERE K. EVANS,

                Plaintiff,

-against-

THE CITY OF NEW YORK and BRC LEX SAFE HAVEN,

                Defendants.

1:21-cv-8659 (MKV)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Jeniere K. Evans brings this *pro se* action under 42 U.S.C. § 1983 and New York state law, contending that he was wrongfully arrested, charged, and imprisoned after the New York Police Department ("NYPD") received a complaint alleging that Evans forcibly touched a handicapped resident at BRC Lex Haven ("BRC"), the homeless shelter where he worked. Evans asserts claims against BRC and the City of New York ("the City"). BRC has not appeared.[1] The City moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is GRANTED.

## BACKGROUND[2]

Evans was formerly employed as a maintenance worker at BRC, a homeless shelter. Complaint ¶ 3 [ECF No. 2] ("Compl."); Declaration of Mary K. Sherwood Exhibit A ("Ex. A") [ECF No. 31-1]. In June 2020, a mentally handicapped resident of the shelter, Rina Chu, accused Evans of "forcibly touch[ing]" and "sexually abus[ing]" her. Compl. ¶ 3; Plaintiff's Answer in

---

[1] Evans filed a motion for default judgment against BRC, which remains *sub judice*. *See* Plaintiff's Motion [ECF No. 41].

[2] Unless otherwise noted, the following facts are taken from the Complaint and are accepted as true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

Opposition to Motion to Dismiss 40 [ECF No. 33] ("Pl. Mem."). An employee of BRC reported Evans to the NYPD. *See* Ex. A. Evans contends that Chu's allegation was false.[3] Compl. ¶ 3.

Evans alleges that the NYPD's subsequent investigation was based on "documents that are hearsay[] or false." Pl. Mem. 7. He contends that Chu was not "directly involved" with the investigation, and therefore did not "confirm[]" the allegations. Pl. Mem. 7. But Evans acknowledges that during the investigation, the NYPD showed Chu a photograph of Evans and that Chu signed her name underneath the photograph, along with the words "Touched Me." Pl. Mem. 7, 24.

Evans was terminated from his position at BRC, arrested, and charged with forcible touching, sexual abuse, and related crimes. Compl. ¶ 3; Pl. Mem. at 4, 21. He alleges that the City "tried to put together a case" against him that was "weak and incomplete." Pl. Mem. 9. Specifically, he states that Detective Leggio "submitted . . . statements as evidence for trial" that were "labeled as notes . . . from a phone conversation with [Chu]," but that Chu did not confirm the contents of the notes. Pl. Mem. 12–13. Evans also contends that the state's District Attorney "lied to prolong the process of justice" by "telling the courts [that] the people were ready for trial, even though that was a lie."[4] Pl. Mem. 9, 13. Evans was later kicked out of his home, imprisoned, and his schizophrenia worsened. Compl. ¶ 3; Pl Mem. 4. In July 2021, the state charges were dropped due to speedy trial violations. *See* Compl. ¶ 3; Pl Mem. 21.

---

[3] Evans filed a document titled "Data Sheet" alongside his Opposition Brief which includes the notation that "[t]here is video of the incident showing [Evans'] hand low and in contact with [Chu's] buttocks." *See* Pl. Mem. 40. However, given the Court's obligation to construe the facts in the light most favorable to Evans, the Court accepts as true the Complaint's statement that Chu's allegation was false.

[4] The District Attorney is not a party to this case.

Evans filed his *pro se* Complaint against BRC and the City.[5]  *See* Compl. at 9.  The Court liberally construes the Complaint as alleging claims under Section 1983 and New York state law for (1) false arrest, (2) false imprisonment, (3) malicious prosecution, and (4) abuse of criminal process.  *See* Compl. 9.  In addition, Evans also appears to assert state law claims for (1) defamation, (2) harassment, and (3) intentional infliction of emotional distress.[6]  *See* Compl. 9.  Evans seeks $200,000 and punitive damages.[7]  Compl. 8–9.

The City has moved to dismiss under Rule 12(b)(6).  *See* Motion to Dismiss [ECF No. 29]; Memorandum of Law in Support [ECF No. 32].  In addition to its motion, the City provided the Court with the complaint filed by the BRC case worker.  *See* Ex. A.  The Court takes judicial notice of this document.  *See Hooks v. City of New York*, No. 21-CV-10771 (JGK), 2022 WL 16964010, at *4 (S.D.N.Y. Nov. 16, 2022) ("[C]ourts may take judicial notice of court documents and other public records, including . . . criminal complaints." (cleaned up)).

Evans filed an opposition and a number of accompanying exhibits, including his Certificate of Disposition in New York state court, the photograph of Evans signed and notated by Chu, and the notes purportedly taken by Detective Leggio during the phone conversation with Chu.  *See* Pl.

---

[5] The Complaint and Opposition Brief occasionally reference one other individual, Detective Leggio, who allegedly "violated [Evans'] rights." Pl. Mem. 10. However, this Court has already dismissed without prejudice any claims against Detective Leggio because the Complaint did not clearly allege whether any claims were asserted against him. *See* Order [ECF No. 9]. The Court granted Evans leave to amend the Complaint to add Detective Leggio as a defendant, but he never did.

[6] "It is settled that § 1983 authorizes actions to enforce the rights of individuals under *federal* statutes as well as under the Constitution." *Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 158 (2d Cir. 2005) (emphasis added). Because the defamation, harassment, and emotional distress claims are "issue[s] of state law, not of federal constitutional law," they "provide[] an insufficient basis to maintain a § 1983 action." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). The Court therefore considers these three claims as state law causes of action only.

[7] Evans also asserts what he labels a claim for "loss of wages." Compl. 9. However, lost wages are "a form of damages, not an independent cause of action." *Farina v. Metro. Transportation Auth.*, 409 F. Supp. 3d 173, 220 (S.D.N.Y. 2019).

Mem.; Opposing Brief [ECF No. 34]. The City submitted a reply brief. *See* Reply Memorandum of Law [ECF No. 40].

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court may also consider "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted). It is "appropriate to consider . . . additional materials" submitted by the *pro se* Plaintiff, including his opposition memorandum, "to supplement the allegations in the complaint." *Adkins v. City of New York*, No. 19CV03628 (GBD) (DF), 2020 WL 2950979, at *5 (S.D.N.Y. Jan. 3, 2020) (quoting *Burgess v. Goord*, No. 98 CIV. 2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999)).

Where, as here, the Complaint is filed *pro se*, "it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (citation omitted). Even so, "a *pro se* complaint must state a plausible claim for relief." *Id.*; *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

4

## ANALYSIS

**I.     The False Arrest, False Imprisonment, Malicious Prosecution, and Abuse of Criminal Process Claims Fail Under *Monell***

To assert the false arrest, false imprisonment, malicious prosecution, and abuse of criminal process claims against the City, Evans must plausibly allege: "(1) an official policy or custom that (2) cause[d] [Evans] to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)).

1.     *Evans Does Not Allege the Denial of a Constitutional Right*

The false arrest, false imprisonment, malicious prosecution, and abuse of criminal process claims fail because Evans has not alleged the denial of a constitutional right.

   a.     *False Arrest*

Probable cause is a complete defense to a false arrest claim asserted under Section 1983. *See Kee v. City of New York*, 12 F.4th 150, 159 (2d Cir. 2021); *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014).  Probable cause exists when an officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." *Williams v. Town of Greenburgh,* 535 F.3d 71, 79 (2d Cir. 2008); *see Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) ("In deciding whether probable cause existed for an arrest, [courts] assess 'whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest.'").  "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or [an] eyewitness." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (citation omitted).

The arresting officers had probable cause to arrest Evans because the NYPD received a complaint from a BRC employee stating that Evans "grabbed" a woman's "buttocks." Ex. A.[8] In addition, Evans acknowledges that Chu, the putative victim, identified Evans in a photograph as the individual who had "[t]ouched [her]." Pl. Mem. 7, 24. Even assuming, as this Court must based on Evans' allegations, that Chu's allegation was false, "probable cause to arrest can exist *even when* the arrest is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying upon that information." *Coyle v. Coyle*, 153 F. App'x 10, 12 (2d Cir. 2005) (emphasis added). The Complaint alleges no facts suggesting the arresting officers had reason to believe Chu was lying. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity."). Indeed, evidence provided by Evans himself suggests the opposite—that there was *video evidence* "showing [Evans'] hand low and in contact with the complainant's buttocks." Pl. Mem. 40. Further, even if the arresting officers relied on hearsay statements, as Evans alleges, probable cause "traditionally may be established by hearsay" evidence. *United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1267 (2d Cir. 1989); *see also Martinez v. City of New York*, 564 F. Supp. 3d 88, 100 (E.D.N.Y. 2021) (same).

Because the allegations of the Complaint, attached exhibits, and documents of which the Court may take judicial notice indicate there *was* probable cause to arrest Evans, the false arrest claim is dismissed under Section 1983. *See Vett v. City of New York*, No. 20-CV-2945, 2022 WL

---

[8] Evans alleges that "[D]efendants filed [the] claim" with the police. Compl. ¶ 3. Because BRC is a defendant in this action, that allegation is consistent with Exhibit A, which states that a BRC employee filed the complaint. However, to the extent Evans suggests that *the City* filed the claim, the Court "is permitted to reject the truthfulness of [that] allegation[]" because it is "contradicted by matters of which judicial notice may be taken, such as matters of public record." *Tavares v. New York City Health & Hosps. Corp.*, No. 13-CV-3148 PKC MHD, 2015 WL 158863, at *3 (S.D.N.Y. Jan. 13, 2015).

6

47231, at *8 (S.D.N.Y. Jan. 5, 2022) ("[I]f the facts alleged in the Complaint sufficiently demonstrate that the [a]rresting [o]fficers had probable cause to arrest Plaintiff . . . then Plaintiff does not and cannot state a Section 1983 claim for false arrest.").[9]

      b.    *False Imprisonment*

Probable cause is also a complete defense to a false imprisonment claim under Section 1983. *See Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). For the reasons discussed above, the false imprisonment claim is dismissed.[10] *See Singleton v. New York City Police Dep't*, 2021 WL 665032, at *7 (S.D.N.Y. 2021) (dismissing *pro se* plaintiff's claims for false imprisonment where probable cause was present).

      c.    *Malicious Prosecution*

To state a claim for malicious prosecution under Section 1983, Evans must allege "(1) the initiation or continuation of a criminal proceeding against [him]; (2) termination of the proceeding in [his] favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010).

Evans does not allege a lack of probable cause for commencing the proceeding against him. As described above, the Complaint acknowledges that Chu identified a photograph of Evans and annotated the photograph to indicate that he was the individual who "[t]ouched [her]." In addition, Evans has provided documentation stating that there was video evidence of the incident. This is sufficient evidence to dismiss the malicious prosecution claim. *See Frost v. New York City*

---

[9] Although probable cause is a *defense* to a false arrest claim, "courts may grant a pre-answer motion to dismiss on the basis of an affirmative defense where such defense appears on the face of the complaint." *Silver v. Kuehbeck*, 217 F. App'x 18, 22 (2d Cir. 2007).

[10] *See* footnote 9.

7

*Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution." (citation omitted)).

Further, "indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (emphasis in original); *see also Colon v. City of New York*, 60 N.Y.2d 78, 83, 455 N.E.2d 1248, 1251, 468 N.Y.S.2d 453, 456 (N.Y. 1983). Here, Evans alleges that he was charged in New York with forcible touching, sexual abuse, and related crimes. Pl. Mem. 21. His indictment on those charges creates a presumption of probable cause, and the Complaint does not allege facts rebutting the presumption. Although Evans alleges that Detective Leggio submitted notes from an alleged phone call with Chu that Chu never confirmed, this allegation is insufficient to allege "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino*, 331 F.3d at 72. In addition, Evans alleges that Detective Leggio submitted these purported notes "as evidence for *trial*," Pl. Mem. 13 (emphasis added), which does not suggest that the *grand jury proceedings* were in any way tainted. The malicious prosecution claim is therefore dismissed. *See Crespo v. Rivera*, No. 16 CIV. 708 (PGG), 2018 WL 4500868, at *14 (S.D.N.Y. Sept. 19, 2018) (dismissing malicious prosecution where plaintiff failed to plead facts "demonstrat[ing] that the indictment was procured by fraud, perjury, the suppression of evidence, or other police misconduct").

    d.    *Abuse of Criminal Process*

To state a claim for abuse of criminal process under Section 1983, Evans must allege that the City "(1) employ[ed] [a] regularly issued legal process to compel performance or forbearance of some act[,] (2) with intent to do harm without excuse o[r] justification, and (3) in order to obtain

a collateral objective that is outside the legitimate ends of the process." *Savino*, 331 F.3d at 76. A "collateral objective" is not the same as a "malicious motive." *Id.* at 77. Instead, Evans must allege that Defendants "aimed to achieve a collateral purpose *beyond* or *in addition to* [the] criminal prosecution." *Id.* (emphasis added).

In support of this claim, Evans alleges that the District Attorney told "the courts [that] the [State was] ready for trial, even though that was a lie." Pl. Mem. 13. Accepting that fact as true, Evans still does not allege any collateral objective "*beyond* or *in addition to* his criminal prosecution." *Savino*, 331 F.3d at 77 (emphasis added). Indeed, the Complaint fails to explain what "collateral purpose" Defendants "aimed to achieve." *Id.* Evans therefore does not state claim for abuse of criminal process. *See Mazzone v. Town of Southampton*, 283 F. Supp. 3d 38, 58 (E.D.N.Y. 2017), *report and recommendation adopted as modified*, No. 16CV4515JFBARL, 2017 WL 6017357 (E.D.N.Y. Dec. 1, 2017) (dismissing abuse of process claim where plaintiff alleged that "[d]efendants acted with improper purposes when fabricating information to support the arrest[]" because the plaintiff did "not explain what [defendants'] improper purpose [was]" (citation omitted)).

The abuse of criminal process claim is further undermined by the existence of probable cause justifying Evan's prosecution, as described above. *See Pinter v. City of New York*, 976 F. Supp. 2d 539, 569 (S.D.N.Y. 2013) ("[T]he weight of authority holds that the presence of probable cause negates a claim for abuse of criminal process."); *Sforza v. City of New York*, No. 07CIV6122DLC, 2009 WL 857496, at *17 (S.D.N.Y. Mar. 31, 2009) ("[W]hile a lack of probable cause is not explicitly an element of an abuse of process claim, the presence of probable cause

negates a claim for abuse of process, particularly the second element."). For these reasons, the abuse of process claim is dismissed.

2. *Evans Does Not Allege a Municipal Policy or Custom*

The claims for false arrest, false imprisonment, malicious prosecution, and abuse of criminal process fail for an additional reason—Evans does not plausibly allege "an official policy or custom." *Batista*, 702 F.2d at 397. It is well established that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, to state a claim against the City, Evans must allege that "'action pursuant to official municipal policy' caused [his] injury." *Id.* (quoting *Monell*, 436 U.S. at 691). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61.

As an initial matter, because "*pro se* [Evans] cannot state a cognizable claim for any alleged violation of his constitutional rights . . . it follows then, that he also cannot state a claim that a municipal policy or custom caused the violation of such rights." *Ward v. City of Middletown*, No. 17 CIV. 5248 (NSR), 2022 WL 562949, at *8 (S.D.N.Y. Feb. 24, 2022).

But even assuming Evans *had* alleged a violation of his constitutional rights, the Complaint does not allege that Evans' injury was caused by "a municipal policy" or a "practice [that] is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997) (cleaned up). Although Evans vaguely references "[t]he policies that allow the police to arrest for probable cause[] and a[n] attorney to prosecute for probable cause," Pl. Mem. 13, the "mere allegation[] of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a

10

custom *unless supported by factual details.*" *Tieman v. City of Newburgh*, No. 13-CV-4178 KMK, 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015) (emphasis added). No such factual details are alleged here. *See Iqbal*, 556 U.S. at 678 (A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 557)); *see also Mercedes v. Westchester Cnty.*, No. 18-CV-4087 (KMK), 2019 WL 1429566, at *5 (S.D.N.Y. Mar. 29, 2019) (dismissing complaint where plaintiff did "not allege any factual indicia from which [the court] could infer the existence of a policy or custom"). Indeed, it is not misconduct to arrest or prosecute for probable cause.

Finally, Evans "describes only his own experiences, and pleads no facts concerning [the City's] conduct more widely." *Smith v. Westchester Cnty.*, No. 19-CV-1283 (KMK), 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019). For these reasons, he may not assert a *Monell* claim against the City. *See Hayes v. Perotta*, 751 F. Supp. 2d 597, 601–02 (S.D.N.Y. 2010) (dismissing Section 1983 claim where complaint was "devoid of any reference to anything that could be considered [the City's] policy or custom" (emphasis omitted)).

## II. The Court Declines to Consider Any Remaining State Law Claims

For the reasons discussed above, Evans' federal law claims are dismissed. The Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

Even if the Court were to consider the merits of the state law claims, the Complaint would be deficient because it does not plead, as required, that a notice of claim was timely served on the City. *See* N.Y. Gen. Mun. § 50-i(1); *id.* at § 50-k(6). In New York, a tort action may not be maintained against a municipality unless "notice of claim [has] been made and served [in accordance with state law] within ninety days after the claim arises." *Id.* at § 50-k(6). To satisfy

11

the requirement, a plaintiff must plead in the complaint that he served timely notice of claim. *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999).

The Complaint does not allege that Evans timely served a notice of claim before initiating this lawsuit. Because "[f]ederal courts lack jurisdiction to hear complaints from plaintiffs who have failed to file a timely notice of claim, or to grant permission to file a late notice," these state law tort claims against the City must be dismissed. *McTerrell v. New York City Health & Hosps. Corp.*, No. 19CIV4469PAESDA, 2020 WL 1503194, at *4 (S.D.N.Y. Mar. 30, 2020). Evans' *pro se* status does not alter this result. *See Chepilko v. City of New York*, No. 18CV02195ALCSDA, 2022 WL 4554961, at *3 (S.D.N.Y. Sept. 29, 2022) (dismissing state law claims where *pro se* plaintiff "ha[d] not pleaded that he complied with the notice of claim of requirements").

Evans contends that his state law claims should not be dismissed for two reasons. First, he argues that he was not required to file a notice of claim because his injuries are ongoing. *See* Pl. Mem. at 5, 11. That is not the law. Instead, the notice of claim requirement "is a *condition precedent* to bringing personal injury actions" against municipalities and their agents. *Hardy*, 164 F.3d at 793 (emphasis added); *see also Clark v. City of New York*, No. 16-CV-7744 (PKC), 2018 WL 4372671, at *5 (S.D.N.Y. Sept. 13, 2018) (notice of claim "requirement applies to torts, including constitutional torts, asserted against the City"). Second, Evans contends that filing a purported notice of claim alongside his Complaint in this action was sufficient to satisfy the requirement. *See* Pl. Mem. 10. But again, New York law plainly requires the notice be filed *before* initiating a lawsuit. *See Hardy*, 164 F.3d at 793; *Berry v. Village of Millbrook*, 815 F. Supp. 2d 711, 724 (S.D.N.Y. 2011) ("The notice-of-claim statute would be rendered meaningless if the initiation of a lawsuit . . . relieved a plaintiff of the duty to file a notice of claim.").

12

## IV.     Leave to Amend

Rule 15 instructs the Court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A *pro se* complaint "should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives *any* indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (cleaned up). Because Evans conceivably may be able to state a valid claim, Evans is granted leave to amend.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. Plaintiff must file any amended complaint within 30 days of the date of this Order. The Clerk of the Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record, and to terminate docket entry 29.

**SO ORDERED.**

*[signature: Mary Kay Vyskocil]*

**Date:   March 20, 2023**              **MARY KAY VYSKOCIL**
**New York, NY**                          **United States District Judge**