USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENIERE K. EVANS,

                Plaintiff,

-against-

THE CITY OF NEW YORK and BRC LEX SAFE HAVEN,

                Defendants.

1:21-cv-08659-MKV

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, proceeding *pro se*, filed a motion for default judgment with respect to BRC Lex Safe Haven, the only Defendant remaining in this case. [*See* ECF Nos. 41, 43, 45.] The motion is DENIED.

    As an initial matter, the motion does not comply with this Court's Individual Rule of Practice 4.G. Among other things, the motion is not accompanied by a proposed form of judgment, a proposed order to show cause, copies of the affidavits of service of summons and complaint, or a copy of the Clerk's Certificate of Default. *See* Individual Rules of Practice Attachment A. Plaintiff also fails to provide "[a] description of the legal and factual basis for the Court's subject matter jurisdiction," "[a] description of the legal and factual basis for the assertion of personal jurisdiction over the defendant," or "[a] statement that the defendant is not an infant or incompetent." Individual Rules of Practice Attachment A.

    At the start of this litigation, the Clerk of Court mailed Plaintiff a copy of this Court's Individual Rules of Practice, along with a copy of the Local Rules for the U.S. District Courts for the Southern and Eastern Districts of New York. [*See* ECF No. 16]. In addition, the Court has repeatedly warned Plaintiff that "he must comply with this Court's individual rules," [ECF No. 15], and that "[f]ailure to comply with this Court's individual rules . . . may result in denial of [his]

1

motion," [ECF No. 39].  Despite the Plaintiff's *pro se* status, "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995); *see also Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

The Court is further unable to conclude that awarding default judgment is appropriate for several reasons.  First, Plaintiff's motion discusses *only* his state law claims for defamation, harassment, false imprisonment, and intentional infliction of emotional distress.  But the Court may only exercise supplemental jurisdiction over these state law claims where the Court has original jurisdiction over other claims arising under federal law.  *See* 28 U.S.C. § 1367(a).  Without any discussion of Plaintiff's federal law claims, the Court cannot conclude that "the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (cleaned up).  Second, for the reasons described in this Court's March 20, 2023 Opinion and Order, Evans may not assert a false arrest claim where, as here, probable cause existed for his arrest.  [ECF No. 43 at 5–7.]

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record.  The Clerk of Court is further requested to terminate docket entry 41.

**SO ORDERED.**

**Dated:** New York, New York
August 8, 2023

                                                                                    *[signature: Mary Kay Vyskocil]*
                                                                                    _____
                                                                                    **MARY KAY VYSKOCIL**
                                                                                    **United States District Judge**