```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/2023
```

JENIERE K. EVANS,

                Plaintiff,

-against-

THE CITY OF NEW YORK and BRC LEX SAFE HAVEN,

                Defendants.

1:21-cv-8659 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of an application from the *pro se* Plaintiff Jeniere K. Evans ("Evans") dated August 21, 2023 requesting the appointment of *pro bono* counsel. [ECF No. 48 ("PBC Application")].

    In civil cases, there is no requirement that the Court provide indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *Serrano v. Helmsley Park Lane Hotel*, No. 06 CIV 6267 RMB, 2007 WL 1412315, at *2 (S.D.N.Y. May 11, 2007) ("[T]here is no constitutional right to appointed counsel in civil cases. Moreover, due to the scarcity of volunteer attorneys, the Second Circuit has cautioned against the routine appointment of *pro bono* counsel in civil cases." (internal quotation marks omitted)). Instead, a district court has "[b]road discretion" in determining whether to appoint *pro bono* counsel. *Hodge*, 802 F.2d at 60; *see also* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel." (emphasis added)). In deciding whether to grant such a motion, the Court "must first ascertain whether the litigant is able to afford or otherwise obtain counsel." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). "Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before

appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61).  If these requirements are satisfied, the Court should then consider, among other factors, "whether the indigent's position seems likely to be of substance."  *Hodge*, 802 F.2d at 61.

The Court assumes, for purposes of this Order, that Evans is indigent.  PBC Application 4; Order Granting IFP Application [ECF No. 3]; *see Greathouse v. NYS Dep't of Corr. & Cmty. Supervision*, No. 23CIV06192PGGGS, 2023 WL 6294261, at *2 (S.D.N.Y. Sept. 27, 2023) ("[T]he litigant must first demonstrate that he or she is unable to afford counsel by, for example, successfully applying for leave to proceed IFP.").

The PBC Application does not establish, however, that Evans is unable to obtain counsel. *See Morris*, 2014 WL 1053658, at *1.  Evans "must show that he has made a reasonably diligent effort under the circumstances."  *Id.* (internal quotation marks omitted).  Evans states that he "contacted several law firms, [i]ncluding pro bono lawyers, and the bar association," but that these attorneys "claim to not handle my kind of case."  PBC Application 2.  However, the documents attached to the PBC Application do not indicate that Evans followed through on any of these inquiries.  *See* PBC Application 5–9.  For example, the Brooklyn Bar Association Lawyer Referral Service submitted Evans's information to an attorney and recommended that Evans call the attorney to arrange a consultation, but the PBC Application does not evidence that Evans did so. PBC Application 8–9.  In addition, the New York County Lawyers Association provided Evans with contact information for five legal services programs, yet Evans does not indicate that he actually contacted any of these organizations to discuss his case.  PBC Application 7; *see Holland v. Matos*, No. 18-CV-6697 (KMK), 2021 WL 1600143, at *2 (S.D.N.Y. Apr. 23, 2021) (denying appointment of *pro bono* counsel where application did not establish that litigant exhausted efforts

2

to obtain counsel by, for example, making "further inquiries of NYLAG or other providers of *pro bono* counsel"); *accord Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013).

Moreover, the Court cannot conclude that Evans's legal position is "likely . . . of substance." *Hodge*, 802 F.2d at 61. Evans requests the appointment of *pro bono* counsel to assist him in preparing a motion for default judgment, stating that his prior motion for default judgment was denied because he "failed to follow the proper rules of the court." PBC Application 1. Although it is true that the Court's Order denying Evans's prior motion for default judgment noted his failure to comply with the Court's Individual Rules of Practice, it also identified substantive defects of that motion, including that the motion discussed only Evans's state law claims and that "Evans may not assert a false arrest claim where, as here, probable cause existed for his arrest." [ECF No. 47]. Upon default, "liability does not automatically attach," and "it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Substantially for the reasons explained in the Court's March 20, 2023 Opinion and Order dismissing Evans's claims against Defendant the City of New York [ECF No. 43], the Court cannot say that Evans's allegations against the remaining Defendant in this case are "likely . . . of substance," *Hodge*, 802 F.2d at 61, such that they establish a *prima facie* case entitling Evans to default judgment. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor.").

Accordingly, the Court DENIES Evans's application for appointment of *pro bono* counsel. The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record and to terminate the motion pending at docket entry 48.

**SO ORDERED.**

**Dated:   October 6, 2023**
            **New York, New York**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**